## LEWIS P. ALDRICH *v.* HAMILTON F. KETCHAM and WILLIAM H. OWEN.

Where a writ in the nature of a writ of replevin, is issued in the name of a party, and he executes and delivers to the sheriff an undertaking to prosecute the action and to return the property, if a return be adjudged, and for the payment of whatever may be adjudged to the defendant therein, and the sheriff, thereupon, by direction of the attorney in replevin, or his clerk, takes the goods of a third person under the writ, after which the plaintiff in replevin—in order to entitle him to claim a delivery to himself of the property so taken by the sheriff—voluntarily proceeds to a justification of the sufficiency of his undertaking and actually justifies; these facts are *primâ facie* evidence that such plaintiff in replevin authorized the seizure of the very goods which were taken.

A verdict of a jury upon this testimony, in favor of the actual owner of the goods, in an action for such wrongful taking, is not without evidence to sustain it.

*It seems,* that a non-resident defendant may be sued in the Marine Court by a summons, as well as by a warrant, although the action is not founded upon contract.

A defect in the process, in the Marine Court, is waived by appearing and pleading to the merits.

THIS was an appeal by the defendant from a judgment rendered in the Marine Court, upon the verdict of a jury in the plaintiff's favor, in an action for the wrongful taking and detention of personal property. The points raised on the appeal related, first, to the form of the original process, whereby the defendants were brought into the court below; and secondly, to the sufficiency to sustain the verdict of the evidence adduced at the trial. To the statement of the facts, made in

the opinion of this court, it is necessary to add, only, that the alleged defect in the process was, that the action being in tort and the defendants now residents of this city and county, they should, under the statute, have been sued by a warrant of arrest, and not by the ordinary summons.

*Edward R. L. Amoureux*, for the defendants, argued the following points:

I. This action not being founded on contract, and the defendants being non-residents of the city and county of New York, could not be proceeded against by summons.

II. There was no evidence that the defendants took or detained the property for which this action was brought, and the defendants were entitled to a nonsuit on that ground. The testimony that the deputy sheriff took the segars by the directions of the clerk of Ketcham and Owen's attorney is not sufficient to charge them in this action, as trespassers, without showing that the clerk in so doing acted under their directions. The law does not presume any person to be a wrong doer. (*Averill* v. *Williams*, 1 Denio, 501–3.) Nothing of that kind was shown, but on the contrary, Benners testified that he went there by Adam Hoyt's direction. Even if the attorney of Ketcham and Owen had himself, without their authority, directed the sheriff to take the segars, they would not be liable in this action, as such direction would have been officious, and no part of his duty as their attorney. (*Hunter* v. *Burtis*, 10 Wend. 360–3.)

III. The requisition to take certain segars from the defendants Clark and Rowe being legal—and there is no pretence in this case, that it was not—Ketcham and Owen are not responsible for what the officer did without their direction or assent. (1 Denio, 501–4, above cited; 1 Chit. Pl. 7th Am. ed. 91–2 ; 10 Wend. 360–3 above cited.)

IV. The judge erred in charging the jury, "that Ketcham and Owen were indemnitors for the taking as appeared by the bond read in evidence by them." The purpose of the

bond, or undertaking, referred to, was not to indemnify the sheriff for taking the segars, or in any other respect; but was simply an undertaking, pursuant to the Code, to the defendants for the prosecution of the action, etc. And by this charge of the judge, the question whether Ketcham and Owen, or any person authorized by them, had directed the sheriff to take the segars, became wholly immaterial, as according to the charge, the giving of the said undertaking made them liable without proving any direction or authority from them in that respect.

V. The judgment of the court below ought to be reversed, if the charge of the judge had a tendency to make an erroneous impression upon the jury and to mislead them in their views of the case, even although the evidence may have warranted the verdict found; if the chances are equal that the verdict resulted from the misdirection. (*Wardell* v. *Hughes*, 3 Wend. 418; *Benham* v. *Cory*, 11 ib. 83; *Hanford* v. *Archer*, 4 Hill, 271; *Dygert* v. *Bradley*, 8 Wend. 469, 473. See also *Warrell* v. *Parmellee*, 1 Coms. 519.)

VI. As there was no evidence that Ketcham and Owen in any manner directed or authorized the taking of the segars in question in this action, or even received them, the verdict is consequently not only clearly contrary to, but without evidence.

*Henry S. Lincoln*, for the plaintiff.

By the Court. Woodruff, J.—We have often heretofore held that an appearance by the defendants, and pleading to the merits, is a waiver of defects in the form or service of the summons. (*Lighter* v. *Haskins*, Nov. 1851; *Bray* v. *Andreas*, 1 E. D. Smith, 387; *Monteith* v. *Cash*, ib. 412; *Cushingham* v. *Phillips*, ib. 416; *Andrews* v. *Thorp*, ib. 615; *Hogan* v. *Baker*, 2 ib. 22; *Paulding* v. *The Hudson Manufacturing Company*, ib. 38.) The defendants, whether they were rightly proceeded against by summons or not, having appeared, and without objection to the mode in which their attendance was

required, and having voluntarily pleaded to the complaint, forming thereby an issue on the plaintiff's claim, must be deemed to submit themselves to the jurisdiction of the court; and, even if the process was void, which we by no means intend to say, they are now precluded from raising that objection; for, if the process be deemed void, their act is tantamount to a consent to proceed as upon an action entered by agreement without process.   (2 R. S. p. 383, § 111.)

The only other question involved in this appeal is, whether there was proof that the segars, for the taking of which the action was brought, were taken by the defendants, or by their authority; or, whether there was any error, in respect to this point, in the charge of the justice before whom the cause was tried, which calls for a reversal.

I apprehend that no unbiased mind can fail to infer from the whole case, as developed by the evidence, that the taking was by the authority as well as for the benefit of the defendants, and I think, also, that the evidence was sufficient in law to warrant such an inference, although it is a matter of some surprise that more specific and positive proof was not furnished, when it might apparently have been obtained without difficulty.   Still the jury have found that the taking was by the authority of the defendants, and the evidence in support of that finding is briefly this:

A writ of replevin in favor of the present defendants, against Clarke and Rowe, was issued to the sheriff.   An undertaking was executed by them, by which they became bound for the prosecution of the suit, and for the return of the property, if such return should be adjudged and for the payment of whatever they might be adjudged to pay.   Upon the receipt of the writ and of this undertaking, the sheriff, by the direction of a clerk in the office of the attorney by whom the writ was issued, seized and took from the possession of the present plaintiff the goods in question.

If the evidence stopped here, the writ itself not being produced, nor anything showing that the personal property, mentioned in the undertaking, was the identical property which

Aldrich *v.* Ketcham.

the sheriff seized, the plaintiff must have failed; for, to this point in the evidence, it does not appear that the present defendants contemplated the taking of the property which was taken, and there being no proof that the defendants gave any authority to the attorney or his clerk to take this particular property, they would not be bound by the levy and taking of the property tortiously taken.

But it appears by the evidence that, after the sheriff had taken the identical property now in question, upon a process issued in their names, the defendants, in order to entitle themselves to an actual delivery to them of the property seized, came forward voluntarily and justified as sufficient sureties for the performance of the terms of the undertaking. This, I think, was an adoption of the act of the sheriff in taking these identical goods, and warranted the inference that they directed such taking. It was, at least, *prima facie* evidence that the attorney and his clerk and the sheriff were acting under their authority, and called upon the defendants to show, if they could do so, that the taking was without their authority, and that such undertaking was given and such justification took place with a view to the seizure of other and different property.

In the absence of any evidence, whatever, that any other property was mentioned in the writ, or referred to in the undertaking, and with the *prima facie* case thus made by the plaintiff, I do not perceive that it was error in the justice to charge the jury that "it appeared from the bond" (undertaking and justification), "that the defendants were indemnitors for the taking." This was plainly true if the jury found that the particular property seized was taken by the defendants' authority or direction, and that question he left to the jury.

I think the judgment should be affirmed.

Judgment affirmed.